UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joel Smith and Heather Grazzini, or any successors as Trustees of the Minnesota Laborers Health and Welfare Fund, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Garrett Jedlicki d/b/a G.F. Jedlicki and G. F. Jedlicki, Inc.,<br><br>Defendants. | Case No. 23-cv-1273 (KMM/TNL)<br><br>**ORDER** |

Based on the pending Motion for Entry of Money Judgment and all the files and records in this action, the Court finds as follows:

1. The Complaint in this matter was filed on May 8, 2023. ECF No. 1.

2. The Plaintiffs, Joel Smith and Heather Grazzini, or their successors, are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds") (collectively, the "Plaintiffs"). *Id.* ¶ 1.

3. Defendant Garrett Jedlicki ("Mr. Jedlicki") is an individual who performs business under the name G.F. Jedlicki and is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5). *Id.* ¶ 3. Defendants were bound

by the terms of a series of collective bargaining agreements that required Defendants to make contributions to Plaintiffs on behalf of individuals covered by the agreements. *Id.* ¶ 4.

4. Plaintiffs' Complaint alleged that Defendants owe delinquent contributions and maintained that it was unable to determine the full extent of Defendants' additional delinquency without access to Defendants' business records. *Id.* ¶ 10.

5. The Summons and Complaint were served upon Defendants on May 8, 2023. ECF No. 4.

6. Defendants did not file an Answer or otherwise respond to the Summons and Complaint.

7. A Clerk's Entry of Default was entered against Defendants on June 15, 2023. ECF No. 8.

8. Plaintiffs filed a Motion for Default Judgment and Injunction, and a motion hearing was held on February 15, 2024. ECF No. 14.

9. On April 16, 2024, Plaintiffs' Motion for Default Judgment and Injunction was granted. ECF No. 15. The Court asserted that default judgment would be entered in due course on behalf of Plaintiffs against Defendants, and that Defendants were liable to Plaintiffs for delinquent contributions, interest, and liquidated damages due and owing from January 1, 2020, through December 31, 2021. *Id.*

10. Defendants were ordered to submit their contribution reports or payroll books and records to Plaintiffs for the period of January 1, 2020, through December 31, 2021. *Id.*

11. Defendants failed to comply with the Court's Order, and the Plaintiffs filed a Motion for an Order to Show Cause. ECF No. 17.

12. On November 14, 2024, the Court issued a bench warrant based on Defendants' failure to comply with the Court's Order. ECF No. 30.

13. Following the Order, Defendants produced records sufficient to complete the requested audit and submitted the required payroll and employment records for the period of May 2020 through December 2021.

14. Plaintiffs have determined that Defendants owe, pursuant to the payroll and employment records untimely submitted, $19,392.73 is due and owing for unpaid contributions; liquidated damages in the amount of $1,939.27 are due and owing; unpaid interest in the amount of $6,521.70 is due and owing; and all attorney's fees, service fees, filing fees, court reporter fees and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting such audit. Danley Decl., Ex. C, ECF No. 34.

15. The Court finds that Plaintiffs' determination of the amount owed by Defendants in delinquent contributions, interest and liquidated damages is appropriate because it is based upon reports and records provided by Defendants, and the sworn testimony from David Danley, the Funds' Executive Director, setting forth the amount due for delinquent contributions, liquidated damages, and interest for the period of May 2020 to December 2021. *Id.*

16. In support of its attorney fee and costs request, the Funds' counsel has submitted sworn testimony as to the nature, extent, and reasonableness of the attorneys' fees and costs incurred by the Funds in this action. Lawrie Decl., ECF No. 35.

17. Ms. Lawrie's declaration sets forth the services provided on behalf of the Plaintiffs throughout the entirety of this legal action.

18. Ms. Lawrie states that the hourly billing rates for the work performed in this matter ranges from $175.00 per hour to $330.00 per hour for attorneys, and that these hourly billing rates are reasonable and in accordance with those of practitioners with similar levels of practice experience in this area.

19. Finally, Ms. Lawrie states that Plaintiffs incurred legal fees of $7,929.50 and costs in the amount of $503.00 in connection with this action.

20. The Court finds that Ms. Lawrie's hourly rates are reasonable, that the tasks completed and hours claimed were reasonable and necessary for litigating this collection action from beginning to end, that the billing records support the request for recovery of fees and costs, and that the amount requested reflects the reasonable attorney's fees and costs incurred by Plaintiffs in this action.

## ORDER FOR JUDGMENT

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Entry of a Money Judgment is **GRANTED**;

2. Money Judgment is entered in favor of Plaintiffs in the amount of $37,086.20 for unpaid contributions, liquidated damages, unpaid interest, and attorneys' fees and costs for the period of May 2020 to December 2021.

4

## LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: May 30, 2025                    BY THE COURT:

*s/Katherine Menendez*
Katherine Menendez
United States District Court